IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Osvaldo Orengo M.D. , Judith M. Orengo, and the conjugal partnership constituted between them.<br><br>    Plaintiffs,<br><br>vs.<br><br>Clare County, Clare City Police Department, Barry Babcock, in his personal and official capacity, Norman E. Cage, in his personal and official capacity, Mid Michigan Health. and John Doe<br><br>    Defendants | Civil Number:<br><br>Violation of Civil Rights; and Michigan State law claims for damages.<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

TO THE HONORABLE COURT:

    Comes now plaintiffs, Osvaldo Orengo, Judtih M. Orengo, and the conjugal partnership constituted between them, through their undersigned counsel and respectfully state and pray as follows:

### JURISDICTION

1. This Honorable District Court has original jurisdiction over this case under 28 USC Sections 1331 (Federal Question), 1332 (Diversity), the United States Constitution, and 1343 (Civil Rights). The amounts in controversy exceed $75,000.00 exclusive of interest, and costs.

2. Plaintiffs demand jury trial.

### PARTIES

3. The plaintiffs are U.S. citizens, and residents of Ponce, Puerto Rico. Dr. Osvaldo

Orengo has been a physician for 27 years in Puerto Rico, and the State of Michigan. His wife, co-plaintiff, Judith M. Orengo has been a homemaker during their married life. They were married in Puerto Rico such that a conjugal partnership exist between them as a matter of Puerto Rico law.

4. Clare County is a political subdivision of the State of Michigan, and the Clare City Police Department is the local investigative and criminal magistrate office of the City of Clare in Clare County, Michigan.

5. Mr. Barry Bobcock is a resident of the State of Michigan and the only detective in the Clare City Police Department at all times pertinent to this complaint.

6. Mr. Norman E. Cage is a resident of the State of Michigan and a prosecutor for the County of Clare, Michigan at all times pertinent to this complaint.

7. Mid Michigan Health is a hospital care provider that operates Mid Michigan Medical Center- Clare in Clare, Michigan.

8. John Doe is an unknown defendant that may also be liable with the other defendants for the injury caused Dr. Osvaldo Orengo and his wife.

## NATURE OF THE CASE

9. This complaint is a claim for the violation of the civil rights of Dr. Osvaldo Orengo and his wife Ms. Judith Orengo under 42 USC 1983 (Civil action for the deprivation of rights ) under federal question jurisdiction. It also includes a claim for damages pursuant to diversity jurisdiction under applicable Michigan state laws as more fully appears below against the County of Clare, the Clare City Police Department, and its officials, Detective Barry Babcock, in his personal and official capacity, and Prosecutor Norman E. Cage, in his personal and official

capacity, and against Mid Michigan Health.

## CORE OF FACTS

10. Dr. Osvaldo Orengo began working for Mid Michigan Medical Center- Clare in 1994 in Clare Michigan as a private primary care practitioner. In 1997 he continued his practice with the Physicians Group in Clare, Michigan. During these years he had an impeccable communityand professional reputation after many years of hard work.

11. In January 22, 2005 Dr. Orengo received a telephone call from a patient, Ms. Shannon Jordan, at his home. She mentioned to the doctor that another patient of his. Ms. Deonna Lynch, had presented a complaint against him with the Clare City Police department for improper conduct.

12. On February 10, 2005 Ms. Lynch wearing a wiretap provided by the Clare City Police department on Detective Barry Babcock behest's went to Dr. Orengo's office to entrap the doctor as part of the investigation of her complaint. Dr. Orengo had been forewarned of the wiretap. This incident lead Dr. Orengo to retain counsel as recommended by the Hospital administrator, Mr. Larry Barco, for purposes of verifying the existence of a criminal investigation. Mr. Barco had also been visited as part the police investigation by Detective Barry Babcock.

13. On May 18th, 2006, more than a year after the wiretapping Dr. Orengo received a call from his attorney, Dwight R. Carpenter, informing him that he was to be arrested and charged for the felony of Criminal Sexual Conduct (2rd Degree) based only on the statements made by Ms. Deonna Lynch, a 23 year old women known for her dishonesty and untrustworthiness. The police investigation did not include an interrogation of Dr. Orengo, nor an investigation of Ms. Lynch.

Just on her words, a chain of events would commence that would lead to the mental and material destruction of Dr. Orengo and his wife.

14. The next day, on May 19th, 2006, Dr. Orengo's world crumpled into pieces. He was arrested, handcuffed and taken to the 80th Judicial District Court for Clare County for a count of criminal sexual conduct(1st Degree), even though the investigation of the allegations of sexual misconduct was inconclusive, and grossly under invetsigated. He was able to post bond; he was ordered not to leave the state of Michigan and he was ordered to surrender his passport. The same day at 4:00 p.m at a meeting Mr. Barco, the hospital administrator, informed Dr. Orengo that his medical staff privileges had been relinquished due to the felony charge brought against him that same day; and at the same meeting he was also suspended with pay until June 30, 2006 from his employment with Mid Michigan Physicians Group.

15. The Clare City Police department issued a news release on May 19th 2006 to inform that police officers arrested Osvaldo Orengo. Age 54, of Clare for Criminal Sexual Conduct-First Degree. The arrest warrant for Orengo, to quote the release, stems <u>from an investigation</u> in which he is accused of sexually assaulting a 23 year old female patient while tending to her as her examining physician. From that night onward in Clare Michigan and surrounding areas the arrest of and the charge against Dr. Orengo were on the nightly news and in the written press for several days. The news was biased;- there is no way to better describe it than a premeditated attack on the doctor, with the same callous disregard for the truth and so reckless as to demonstrate a lack of concern for whether an injury resulted as demonstrated by the Clare City Police department, Detective Babcock, and the prosecutor Norman E. Cage,

16. On May 30th 2006 the court found probable cause against Dr. Orengo based on the testimony of Ms. Deonna Lynch. On June 1st, 2006 Mr. Barco informed Dr. Orengo that he had filed a report in the National Practitioner's Data Bank as required by law. A copy was also sent to the <u>state licensing board</u>. The report stated that Dr. Orengo's medical staff privileges were automatically relinquished due to a felony indictment with the comment "Allegation of criminal sexual conduct with a patient are currently charged."

17. On June 22rd 2006, the Mid Michigan Physician Group notified Dr. Orengo that his contract would not be renewed upon its expiration on June 30, 2006. Dr. Orengo became unemployed after years of caring for many patients, professional growth and success. He was devastated as was his wife.

18. But this turn of events would not be the end of it. The doctor's counsel, Dwight R. Carpenter, had warned him that the type of indictment brought against him (alleged sexual misconduct by a doctor) would attract others seeking money (or just attention). In fact, six additional charges of sexual misconduct were filed by the Clare City Police department solely on the basis of the information provided by the alleged victims. The charges were not investigated by Detective Babcock but simply accepted without regard to the veracity of the accusations in order to support the charge filed by Ms. Deonna Lynch, and with a substantial disregard for whether an injury would follow. **<u>Each and everyone of the charges would later be withdrawn by the prosecutor.</u>** But by that time mental and permanent economic damage had already been done to Dr. Orengo and his wife with the concomitant loss of status.

19. On September 5th, 2006 counsel for Dr. Orengo informed him that he had hired a

private detective to check on the background of the alleged victims and their allegations. The Clare Police department nor the prosecutor ever bothered to check the backgrounds of the alleged victims, nor interrogate Dr. Orengo on any of the charges.

20. On September 20th t 2006, the Mid Michigan Physician Group notified Dr. Orengo that it would enforce the non-competition clause of the contract they had decided not to renew thereby banning Dr. Orengo from working as a doctor within a 30 mile radius of any facility operated by Mid Michigan Health for a period of 18 months.

21. On October 13th 2006 the Bureau of Health Professions of the State of Michigan requested a meeting with Dr. Orengo to investigate the accusations against him. On January 30, 2007 Dr. Orengo's medical license was summarily suspended without a hearing on the basis of an unverified complaint filed the state's attorney general without supporting affidavits. Dr. Orengo recived notification of the suspension on February 16th 2007. On March 12th 2007 the order for summary suspension was confirmed. The State Licensing Board has not yet to made a decision on the reinstatement of his license, although the Bureau's administrative judge that summarily suspended him, and later confirmed the suspension, has recommended a permanent suspension.

22. On May 7th 2007 the criminal trial began with tremendous media coverage. The night of May 7th 2007, the attorney general for the state of Michigan (who initiated the state license suspension proceedings) declared on television that Dr. Orengo would not practice medicine again in the state; thereby. pre-judging hios criminal and professional culpability.  On May 11th, 2007 Dr. Orengo was found not guilty on the indictment based on Ms. Deonna Lynch's false

accusations. The jury did not believe her testimony nor the testimony of the alleged victims for the other pending indictments all of which testified at trial.

23. All pending charges sexual misconduct charges were drooped. Dr, Orengo and his wife were relieved but the damage had been done to an excruciating degree of cruelty.

## FIRST CAUSE OF ACTION

24. The above facts are incorporated by reference to this cause of action.

25. 42 USC 1983 provides that every person who under color of law or custom subjects or causes to be subjected any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the constitution shall be liable to the party injured in an action at law, suit in equity or other proper proceedings.

26. Defendants Clare County, Clare City Police Department, detective Barry Babcock, personally and as a governmental official. and Norman E. Cage personally and as a governmental official have deprived plaintiffs of the right to be free from unreasonable seizures under the Forth Amendment, and cruel and unusual punishment under the Eighth Amendment of the United States Constitution. when Dr. Orengo was arrested on May 19, 2006. The arrest was the result of either : a) a final authority that made the decision to seek his arrest, b) custom and usage to process sexual misconduct allegations without a meaningful investigation or an incomplete investigation, c) an indifference to the lack of training of detective Barry Babcock or the prosecutor Norma E. Cage in handling sexual misconduct cases, d) poor advice from the prosecutor to the detective on the investigation, or ) an official policy to process sexual

misconduct cases without any additional evidence except for the declaration of the accuser.

27. As a result of the arrest, plaintiffs lost basically everything (Dr. Orengo's job, license, home, possessions, status, reputation, and mental health). The economic loss is calculated at 2 million dollars; and the mental and physical anguish is estimated at 1 million dollars for which injuries the above defendants are jointly and severally liable under Section 1983.

## SECOND CAUSE OF ACTION

28. The above facts are incorporated by reference to this cause of action.

29. Defendants Clare County, Clare City Police Department, detective Barry Babcock, personally and as a governmental official, and Norman E. Cage personally and as a governmental official have acted so recklessly as to demonstrate a substantial lack of concern for whether an injury would result from their conduct. The economic loss is calculated at 2 million dollars; and the mental and physical anguish is estimated at 1 million dollars for which injuries the above defendants are jointly and severally liable to the plaintiffs under Michigan law 691.1407 or any other similar statute.

## THIRD CAUSE OF ACTION

30. The above facts are incorporated by reference to this cause of action.

31. Defendant Mid Michigan Health illegally determined that Dr. Orengo had relinquished his medical staff privileges based on a false accusation of sexual misconduct thereby resulting in the loss of his employment with the Mid Michigan Physician Group. He did not receive the benefit of the presumption of innocence, or given the opportunity to defend himself

from the accusations before the summary suspension of his medical staff privileges. The economic loss is calculated at 2 million dollars; and the mental and physical anguish is estimated at 1 million dollars for which injuries the above defendant is liable to the plaintiffs under Michigan law 691.1407 or any other similar statute sounding in contracts or torts.

## FOURTH CAUSE OF ACTION

29. Plaintiffs requests costs, expenses and reasonable attorneys fees for this case under applicable statutory law.

WHEREFORE, it is respectfully requested that the present complaint be granted.

In San Juan, Puerto Rico this 2 day of July 2006.

/s/ William Santiago-Sastre
USDC-PR- 201106
P.O. Box 1801, Sabana Seca
Puerto Rico 00952-1801
Tel 787-753-5000;
Fax 787-753-5005
wsantiagosastre@gmail.com