**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Osvaldo Orengo MD, Judith M. Orengo, and the conjugal partnership constituted between them,<br><br>Plaintiffs,<br><br>v.<br><br>Clare County, Clare County Police Department, Barry Babcock, in his personal and official Capacity, Norman E. Cage, in his personal and Official capacity, Mid Michigan Health, and John Doe<br><br>Defendants | CIVIL CASE NO.: 08-1551 RLA<br><br><br><br><br><br>RE:    Violation of Civil Rights |

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

**LEGAL STANDARD**

**TO THE HONORABLE COURT:**

**COMES NOW** Defendants, **Clare City Police Department and Barry Babcock**, without submitting to the jurisdiction of this Honorable Court, and through the undersigned attorneys respectfully submits this Brief in Support to Motion to Dismiss for lack of personal of jurisdiction for the reasons that follow:

**INTRODUCTION**

A plaintiff has the burden of proving the facts necessary to show the existence of personal jurisdiction over the defendant. *Rodiguez v. Fullerton Tire Corp.*, 115 F.3d 81, 83 (1st Cir. 1997); *Foster-Miller, Inc. v. Babcock & Wilcox*

Dockets.Justia.com

*Canada,* 46 F.3d 138, 144 (1ˢᵗ Cir. 1995); *Brock Supply Co. v. Moulding Associates, Inc.*, 81 F. Supp. 2d 338, 340 (D. Puerto Rico, 2000). In ruling on a motion to dismiss for lack of personal jurisdiction, dismissal is proper if the plaintiff has failed to make a *prima facie* showing of jurisdiction. In making a *prima facie* showing, the Court takes specific facts affirmatively alleged by the plaintiff as true and "construes them in the light most congenial to the plaintiff's jurisdictional claim." *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1ˢᵗ Cir. 1998); *Brock Supply Co.*, 81 F. Supp. 2d at 340. The court then "'adds to the mixed facts put forward by the defendants, to the extent that they are uncontradicted.'" *Id.* This Honorable Court shall dismiss the present case for the following reasons:

## STATEMENT OF FACTS

Plaintiffs Osvaldo Orengo and Judith M. Orengo filed suit against five named defendants and a John Doe defendant in this Honorable Court. The plaintiffs assert jurisdiction on the basis of 28 U.S.C. § 1331 (federal question), § 1332 (diversity) and § 1343 (civil rights). (Amended Complaint, ¶ 1).

The plaintiffs allege that they are United States citizens and residents of Ponce, Puerto Rico. (Amended Complaint, ¶ 3). The plaintiffs allege that the Clare City Police Department is the local investigative and criminal magistrate office of the City of Clare in Clare County, Michigan. (Amended Complaint, ¶ 4). Also, the plaintiffs allege that Barry Babcock is a resident of the State of Michigan and the only detective in the Care City Police Department. (Amended

Complaint, ¶ 5). and that the remaining defendants are also located in, and residents of, the State of Michigan. (Amended Complaint, ¶¶ 4, 6, 7).

The plaintiffs allege a violation of their civil rights, seek redress under 42 U.S.C. § 1983. (Amended Complaint, ¶ 9). and also assert claims under Michigan state law and seek to invoke diversity jurisdiction. (*Id*.) The plaintiffs allege that Osvaldo Orengo worked for Mid Michigan Medical Center in Clare, Michigan, from 1994 through 1997. (Amended Complaint, ¶ 10). (Although it is not explicitly pled in the Complaint, the necessary inference to be drawn is that the Plaintiffs also resided in the State of Michigan at this time). The plaintiffs further allege that in 2005, Osvaldo Orengo had a complaint made against him for improper conduct, and was subject to a criminal investigation. (Amended Complaint, ¶¶ 11-12). In May 2006, Osvaldo Orengo was charged with the felony of criminal sexual conduct (2nd degree). (Amended Complaint, ¶ 13). On May 19, 2006, Osvaldo Orengo was subject to judicial proceedings in the 80th District Court for Clare County, Michigan. (Amended Complaint, ¶ 14). The plaintiff posted bond, was ordered not to leave the State of Michigan, and was ordered to surrender his passport. (*Id*). On May 30, 2006, the Michigan District Court found probable cause on the criminal sexual conduct felony charge against the plaintiff based on the testimony of Deonna Lynch. (Amended Complaint, ¶ 16). On May 7, 2007, the criminal felony trial began. (Amended Complaint, ¶ 22). On May 11, 2007, the plaintiff was found not guilty by a jury in Clare County, Michigan. (*Id*).

The plaintiffs allege that defendants Clare County, Clare City Police Department, Detective Barry Babcock, and Prosecuting Attorney Norman Cage deprived the plaintiffs of various constitutional rights arising out of Osvaldo Orengo's arrest and prosecution. (Amended Complaint, ¶ 26). The plaintiffs' second cause of action seeks to impose tort liability on these same defendants for gross negligence. (Amended Complaint, ¶ 29). The plaintiffs' third cause of action appears to be a breach of contract claim against Osvaldo Orengo's former employer, Mid Michigan Health. (Amended Complaint, ¶ 31).

Although not explicitly pled in the Complaint, the inference to be drawn is that the plaintiffs moved from Michigan to Puerto Rico following Osvaldo Orengo's acquittal in May 2007.

As alleged in the Amended Complaint, all of the events giving rise to the plaintiffs' Complaint <u>occurred in the State of Michigan</u>. As the attached Affidavits demonstrate, Detective Barry Babcock is not a resident of Puerto Rico, conducts no business in Puerto Rico, did not conduct any of the investigation of Osvaldo Orengo in Puerto Rico, and did not arrest Osvaldo Orengo in Puerto Rico. (See Affidavit of Barry Babcock attached as **Exhibit A**). The City of Clare does not conduct business in Puerto Rico, its police department did not conduct any investigation of Osvaldo Orengo in Puerto Rico and did not otherwise have any contact with Puerto Rico with respect to Osvaldo Orengo's arrest. (See Affidavit of Ken Hibl, attached as **Exhibit B**).

Further facts, if necessary, will be added in the argument portion of the brief.

**ARGUMENT**

I.    **THIS COURT LACKS PERSONAL JURISDICTION OVER BARRY BABCOCK AND THE CLARE CITY POLICE DEPARTMENT.**

The plaintiffs have sought to invoke this Court's jurisdiction under both a federal question pursuant to 28 U.S.C. § 1331, and as a diversity of citizenship case pursuant to 28 U.S.C. § 1332. This Court lacks personal jurisdiction over the defendants under both jurisdiction bases.

In a federal question case, the Constitution requires only that defendants have minimum contacts with the United States. *United Electrical, Radio and Machine Workers of America v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992). That broad statement, however, does not end the inquiry. In *Omni Capital Int'l Ltd. V. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987), the Supreme Court held that the requirement that a court have personal jurisdiction flows not from Article III of the Constitution, but from the Due Process Clause. The requirement for personal jurisdiction "represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982). Before a federal court may exercise personal jurisdiction over a defendant, "the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l*, 484 U.S. at 104.

The Supreme Court then analyzed the issue of whether there was authority to serve process in the litigation. The Court construed Rule 4(f) to

determine where process may be served.[1]  The Supreme Court noted that Rule 4 authorized the service of a summons on an out-of-state defendant when a federal statute authorizes such service or when it is allowed by the forum state's long-arm statute.  *Omni Capital Int'l*, 484 U.S. at 105.

Rule 4(k)(1) establishes the territorial limits on service of a summons. The Rule provides that service of a summons is effective to establish jurisdiction over the person of a defendant who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or when authorized by a statute of the United States.  Rule 4(k)(1)(A) and (D).[2]

The plaintiffs have brought their federal claim under 42 U.S.C. § 1983. Certain federal statutes provide that process may be served in any United States judicial district where a defendant resides or may be found.  See, *e.g.,* 29 U.S.C. § 1132(e)(2) (ERISA).  For the 42 U.S.C. §1983, however, does not confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims.  *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). In the absence of a United States statute allowing service of process on Michigan residents by this Court, Rule 4(k)(1)(A) would allow this Court to obtain jurisdiction over Michigan residents if Puerto Rico's long-arm statute would authorize such jurisdiction.  The Defendants submit that Puerto Rico's

---

[1] Rule 4(f) construed by the Supreme Court in *Omni Capital Int'l*, is now rule 4(k).  This change resulted from the 1993 amendments to Rule 4.  (See Advisory Committee Notes, 1993 amendments).
[2] Sub-paragraphs (B) and (C) have no possible application to the circumstances of this case.

long-arm statute does not allow for personal jurisdiction under the facts of this case.

Puerto Rico's long-arm statute is found in Rule 4.7 of the Puerto Rico Rules of Civil Procedure.  Rule 4.7 provides in pertinent part:

(a) Whenever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:

(1)  transacted business in Puerto Rico personally or through an agent; or

(2)  participated in tortious acts within Puerto Rico personally or through his agent . . .

In order to establish personal jurisdiction over Babcock and the City of Clare pursuant to Rule 4.7, plaintiffs must make a *prima facie* showing that their claim arises because the defendants transacted business in Puerto Rico personally or through an agent, or participated in tortious acts within Puerto Rico personally or through their agents.  *American Express International, Inc. v. Mendez-Capellan*, 889 F.2d 1175, 1178 (1st Cir. 1989).  The plaintiffs cannot make such a *prima facie* showing.

The Affidavits of Babcock and the City Manager for the City of Clare, taken together with the facts alleged in the plaintiffs' Complaint, demonstrate that the defendants transacted no business in Puerto Rico, had no contacts with Puerto Rico and did not participate in any of the actions giving rise to the plaintiffs' Complaint in Puerto Rico.  It is clear that the plaintiffs have failed to make out a *prima facie* showing that their claims arose because the defendants transacted business in Puerto Rico, either personally or through an agent, or

participated in tortious acts within Puerto Rico. *American Express International*, 889 F.2d at 1178.

However, even assuming that the plaintiffs made a *prima facia* showing that their claims satisfy Puerto Rico's long-arm statute, the assertion of personal jurisdiction over the defendants by the District Court for the District of Puerto Rico would be unconstitutional. Personal jurisdiction may be either general or specific. "General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir. 1994); *Brock Supply Co.*, 81 F. Supp. 2d at 341. Specific jurisdiction is a concept that focuses on the particular conduct alleged in the complaint. The issue when considering specific jurisdiction is whether the interaction between the conduct alleged in the complaint and the forum is legally sufficient to justify the exercise of jurisdiction over the defendant. *Foster-Miller, Inc.,* 46 F.3d at 144. To establish specific jurisdiction, the Constitution demands three things: (1) that the plaintiff's claims be related to the defendant's contacts; (2) that the defendant's contacts with the forum are purposeful; and (3) that the exercise of jurisdiction be reasonable under the circumstances. *Cambridge Literary Props., Ltd. V. W. Goebel Porzellanfabrik G. m. b. H & Co. Kg.,* 295 F.3d 59, 63 (1st Cir. 2002); *Bracero*, 441 F. Supp. 2d at 361-362.

There is no claim in the complaint that the defendants engaged in "continuous and systematic" conduct with Puerto Rico. Indeed, the Affidavits

demonstrate conclusively that there was no such conduct on the part of the defendants.  Therefore, this Court could not obtain personal jurisdiction over the defendants based on general jurisdiction.

The constitutional inquiry into specific jurisdiction, outlined above, has been described as a tripartite inquiry that examines relatedness, purposeful availment, and reasonableness.  *United States v. Swiss American Bank, Ltd.*, 199 F.3d 30, 36 (1st Cir. 1999); *Brock Supply Co.*, 81 F. Supp. 2d at 342.

With respect to relatedness, the inquiry focuses on the nexus between the Defendants' contacts with the forum and the plaintiffs' cause of action. *United States v. Swiss American Bank, Ltd.*, 274 F.3d 610, 621 (1st Cir. 2001). The plaintiffs cannot satisfy the relatedness inquiry if there are no contacts between the defendants and the forum.  *Id.*  In this case, there are simply no contacts between the defendants and the forum, and therefore, no nexus between contacts and the cause of action.  As previously stated, there are no allegations in the Complaint that the defendants have any contact whatsoever with Puerto Rico.  The Defendants' Affidavits affirmatively state that there are no such contacts.  The plaintiffs' Amended Complaint at least implicitly admits that the plaintiffs were residents of the State of Michigan when the arrest and prosecution took place.  The Amended Complaint further affirmatively alleges that the prosecution took place in the State of Michigan.  There is simply no nexus whatsoever between the plaintiffs' cause of action and the defendants' contacts with Puerto Rico (which are non-existent).  It is only the fortuity of the plaintiffs having moved to Puerto Rico following the criminal prosecution that

led to this action being filed in the Commonwealth.  If the plaintiffs had moved to Maine, the action would have been filed in Maine.  If the plaintiffs had moved to Alaska, the action would have been filed in Alaska.  There is simply no "relatedness" to satisfy the constitutional inquiry in this case.

The "purposeful availment" inquiry is satisfied only when the defendant "purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts."  *Swiss American Bank*, 274 F.3d at 624.  "The cornerstones of this inquiry are voluntariness and foreseeability."  *Brock Supply Co.*, 81 F. Supp. 2d at 344.  Additionally, the nature of the defendants' contacts must be such that the defendants "should reasonably anticipate being haled into court" in the forum.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); *Novak v. Tak How Investments, Ltd*, 94 F.3d 708, 716 (1st Cir. 1996).  Again, there is absolutely no evidence in the complaint or in the Affidavits that the defendants purposely availed themselves of the forum.  Indeed, the Commonwealth of Puerto Rico had nothing whatsoever to do with the activities that give rise to the plaintiffs' claims.  Everything giving rise to the plaintiffs' claims occurred in the State of Michigan.  The plaintiffs' decision to relocate to the Commonwealth of Puerto Rico after the fact in no way satisfies the "purposeful availment" prong of the constitutional inquiry.

The last step in the constitutional inquiry is to assess the reasonableness of exercising jurisdiction over the defendants.  The Supreme Court has

provided a set of "gestalt factors" to consider whether it would be reasonable to exercise jurisdiction over a defendant. *Burger King Corp v Rudzewicz*, 471 U.S. 462, 477, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985); *Ticket Master-New York, Inc. v. Alioto*, 26 F.3d 201, 209 (1ˢᵗ Cir. 1994). These five "gestalt factors" are:

> (1) The defendant's burden of appearing, (2) The forum state's interest in adjudicating the dispute, (3) The plaintiff's interest in obtaining convenient and effective relief, (4) The judicial system's interest in obtaining the most effective resolution of the controversy, and (5) The common interests of all sovereigns in promoting substantive social policies.

*Brock Supply Co.*, 81 F. Supp. 2d at 344. The gestalt factors are to be taken into account in light of the strength or weakness of the plaintiffs' showing on "relatedness" and "purposeful availment." The weaker of the plaintiffs' showing on those elements, the less a defendant is required to show to defeat jurisdiction on the grounds of unreasonableness. *Ticket Master – New York*, 26 F.3d at 210; *Brock Supply Co.*, 81 F. Supp. 2d at 345. When the five "gestalt factors" are considered, it is again clear that this Court lacks personal jurisdiction over the defendants.

The first factor is the defendants' burden of appearing. The purpose of this factor is to allow the Court to prevent harassing litigation. *Nowak*, 94 F.3d at 718. The burden must be onerous in a special, unusual or other constitutionally significant way. *Pritzker*, 42 F.3d at 64; *Brock Supply Co.*, 81 F. Supp. 2d at 345. In this case, the burden of appearing is onerous in a constitutionally significant way. There is absolutely no legal basis for this case to have been filed in Puerto Rico, other than the fact that the plaintiffs

fortuitously decided to move to the Commonwealth after the events giving rise to their claims had occurred. The lack of any contact between the defendants and Puerto Rico; the lack of any relationship between the Commonwealth and the events giving rise to the plaintiffs' claims; and the burden of imposing upon local governmental officials in Michigan the obligation to defend themselves in a jurisdiction thousands of miles away is constitutionally significant. Thus, this factor should weigh heavily against the Court's exercise of jurisdiction.

The second factor is the interest of the forum in adjudicating the dispute. The purpose of this inquiry is to determine the extent to which the forum has an interest in the dispute. *Foster-Miller*, 46 F.3d at 151; *Brock Supply Co.*, 81 F. Supp. 2d at 345. The forum has a demonstrable interest in obtaining jurisdiction over defendants who cause tortious injury in the forum. *Brock Supply Co.*, 81 F. Supp. 2d at 345. Here, neither the actions giving rise to the plaintiffs' claims nor the tortious injury itself occurred in Puerto Rico. All of the actions giving rise to the plaintiffs' claims occurred in the State of Michigan. Puerto Rico, therefore, has no interest in adjudicating this dispute.

The third factor that the Court must consider is the plaintiffs' interest in obtaining convenient and effective relief. Although the plaintiffs' choice of forum is generally accorded at least a degree of deference with respect to their own convenience, *Ticket Master – New York*, 26 F.3d at 211, in this case, the defendants submit that the plaintiffs' choice of forum should be given no deference. Again, the plaintiffs relocated to Puerto Rico following the conclusion of all of the events giving rise to their claims. All of those events

occurred in the State of Michigan, where the plaintiffs were residents. The fortuity of the plaintiffs having moved to Puerto Rico should not result in the Court giving any deference to the plaintiffs' own convenience.

The next factor is the judicial system's interest obtaining the most effective resolution of the controversy. The Defendants suggest that the most effective resolution of this controversy will be obtained in Michigan, where all of the events giving rise to the plaintiffs' claims occurred, and where all of the witnesses, with the exception of the plaintiffs, are located. Allowing the plaintiffs to essentially forum shop by filing suit in whatever jurisdiction they happen to relocate to following the events giving rise to their claims does not further the judicial system's interest in obtaining the most effective resolution of a controversy. Thus, the defendants submit that this factor too weighs against the Court exercising jurisdiction.

The final factor is the interest of the affected governments and substantive social policies. *Nowak*, 94 F.3d at 719; *Brock Supply Co.*, 81 F. Supp. 2d at 346. The plaintiffs have filed a claim under 42 U.S.C. § 1983 based on an arrest and prosection in the State of Michigan. The plaintiffs have also asserted pendent state law claims under Michigan law. Michigan has a far greater interest in these claims than does Puerto Rico. A claim under 42 U.S.C. § 1983 for a Michigan prosecution certainly has no greater interest to the Commonwealth of Puerto Rico than it does to the State of Michigan. State law claims under Michigan law are far more significant to Michigan than to Puerto Rico. In contrast to this situation was that addressed by the Court in

*Brock Supply Co., supra.* There, the plaintiff's cause of action was brought under Puerto Rico Law 75. That law was found to embody "strong public policy." *Brock Supply Co.*, 81 F. Supp. 2d at 345. There is no such strong public policy in play in this case. The policy considerations weigh strongly in favor of the Court declining to find jurisdiction.

When all of the factors are considered, the defendants submit that this is a clear case for the Court to dismiss on the basis of lack of personal jurisdiction. There is not a single factor that weighs in favor of the exercise of jurisdiction, with the possible exception of the fact that the plaintiffs are now residents of Puerto Rico. That event, however, occurred after the conclusion of the events that give rise to the plaintiffs' claims. Since the defendants have no contacts with Puerto Rico, the cause of action did not arise in Puerto Rico, the Plaintiffs' damages did not occur in Puerto Rico, and the "gestalt factors" favor a finding of no jurisdiction, the defendants' Motion to Dismiss pursuant to Rule 12(b)(2) must be granted.

The exact same analysis applies with respect to the plaintiffs' claims brought on the basis of diversity jurisdiction. Rather than getting to the constitutional analysis through Rule 4(k) as in a federal question case, in a diversity case the court immediately proceeds to the constitutional analysis under the Fourteenth Amendment. See *United Electrical*, 960 F.2d at 1085; *Brock Supply Co.*, *supra.* Without restating the analysis, the defendants' constitutional due process rights would be violated if this Court were to exercise jurisdiction over them.

## II. THE DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(3) MUST BE GRANTED AS VENUE IS NOT PROPER IN THE DISTRICT OF PUERTO RICO.

28 U.S.C. § 1391 (b) provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391 (c) provides that for purposes of venue a defendant that is a corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

As was just discussed in detail, the City of Clare Police Department is not subject to personal jurisdiction in the District of Puerto Rico. As alleged in the plaintiffs' complaint, the City of Clare is a resident of the Eastern District of Michigan.[3] Therefore, all of the defendants reside in the Eastern District of Michigan.

Since all of the events giving rise to the plaintiffs' claim occurred in the State of Michigan, and since all defendants reside in the State of Michigan, under § 1391 (b), venue is only proper in the Eastern District of Michigan.

## CONCLUSION

---

[3] The State of Michigan is divided into two judicial districts: the Western District and the Eastern District. Clare County is located in the Eastern District of Michigan.

As discussed, Plaintiffs' have failed to make out a *prima facie* showing that the defendants are subject to personal jurisdiction in the District of Puerto Rico. The plaintiffs cannot demonstrate either through an analysis of general jurisdiction or specific jurisdiction that the defendants are amenable to the jurisdiction of this Court. The defendants have no contacts with the Commonwealth of Puerto Rico. None of the events giving rise to the plaintiffs' claims occurred in the Commonwealth of Puerto Rico. None of the "gestalt factors" favor the exercise of jurisdiction over the defendants. Simply put, the defendants' constitutional due process rights would be violated by the Court exercising personal jurisdiction over them, whether based on the Plaintiffs' federal claims or the diversity claims asserted under Michigan law.

Venue is also improperly laid in the District of Puerto Rico. Since all of the defendants reside in the Eastern District of Michigan and all of the events giving rise to the plaintiffs' claims occurred in the Eastern District of Michigan, venue is improper in the District of Puerto Rico under 28 U.S.C. § 1391 (b).

## RELIEF REQUESTED

**WHEREFORE**, for the foregoing reasons, the defendants, Barry Babcock and the City of Clare Police Department, respectfully request this Honorable Court grant their Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), and dismiss the plaintiffs' complaint without prejudice. Alternatively, the defendants' Barry Babcock and the City of Clare Police Department respectfully request this Honorable Court grant their Motion to

Dismiss for improper venue pursuant to Rule 12(b)(3), and dismiss the plaintiffs' Complaint without prejudice.

**RESPECTFULLY SUBMITTED**.

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all the attorneys of the record.

In San Juan, Puerto Rico, on this 5th  day of August, 2008.

**REICHARD & ESCALERA**
MCS Plaza
255 Ponce de León Ave Ste 10, Hato Rey
San Juan PR 00917-1913
PO Box 364148
San Juan, PR  00936-4148
Tel. 777-8888
Fax. 765-4225
**counsellors@reichardescalera.com**

**S/RAFAEL ESCALERA-RODRÍGUEZ**
**escalera@reichardescalera.com**
U.S.D.C. No. 122,609

**S/AMELIA CAICEDO SANTIAGO**
**caicedo@reichardescalera.com**
U.S.D.C. No. 223,614